[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER (122)
The Plaintiff has noticed the deposition of the defendant and has required that the defendant bring the financial records and reports of the corpus of the Margaret H. Skoglund Trust (hereinafter "Trust"). The defendant is a beneficiary of this irrevocable Trust established by his grandmother for his benefit and the benefit of his three siblings and their respective children. The trustees under this Trust have the right, in their discretion, to distribute the income of the Trust to the four grandchildren of the grantor and their descendants. The corpus of the Trust contains shares of the Minnesota Vikings Football Team Stock. It is true that the defendant has received income from this Trust during the term of the marriage.
It is also true that the defendant has no absolute right to a share of the income, but is entitled to income at the discretion of the trustees. It also should be noted that although the distribution of income is discretionary, the Grantor did provide that her grandchildren be considered "primary beneficiaries" and that their need be "given first consideration". The boundaries of the trustees' discretion may also be an issue in this case. Depending on how the evidence develops on that issue, the assets of the trust may become very relevant in and of itself.
Assuming the trustees discretionary power could preclude any distribution to this defendant beneficiary regardless of his needs, which is precisely the defendant's position, he argues in CT Page 10560 this motion that the discovery of the information concerning the assets of the trust is clearly inadmissible and would not lead to the discovery of admissible evidence. Conversely, the plaintiff believes that the information requested will lead to the discovery of admissible evidence. Both parties agree that inadmissible evidence is discoverable if it will assist in discovering admissible evidence. Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134 (1985). The issue here is whether the financial information concerning the value of the assets of the Trust will lead to admissible evidence. This court believes that it will.
In Anderson v. Anderson, 191 Conn. 46, 55 (1983), the court found that there was a possibility of the future acquisition of capital assets by the defendant, based on evidence of financial contributions from members of the defendant's family. Similarly, this trial court may conclude, based on the value of the assets discovered, that there is a reasonable expectation of the future acquisition of capital assets by the defendant. Whether the trial court will consider the information the plaintiff seeks to discover will depend on whether it determines the value of the assets relevant to the future acquisition of capital assets by the defendant. In any event, the plaintiff has the right to inquire into these assets since they may be relevant or may lead to discoverable evidence.
The defendant also argues that he does not have the information concerning the assets that the plaintiff has requested. Under Article 3 of the Trust, the trustees must render an accounting at least annually to this defendant. If the defendant does not have a copy of the last annual accounting, he certainly is entitled to it. Obviously, the defendant is not obligated to provide to the plaintiff any other information concerning the assets of the Trust which he is not entitled to receive under the terms of the trust.
The defendant's Motion for Protective Order is denied.
PELLEGRINO, J. CT Page 10561